# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-CR-0126-001-CVE |
| | ) | (09-CV-0112-CVE-PJC) |
| MARLIN JAMES MACK, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes on for consideration of defendant's Motion for Reconsideration (Dkt. # 1130). Defendant Marlin James Mack asks the Court to reconsider its opinion and order (Dkt. # 1105) dismissing with prejudice his untimely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He argues that he handed his motion to prison authorities on February 17, 2009, but the motion was not mailed due to a prison lockdown. He asks the Court to treat February 17, 2009 as the date on which his § 2255 motion was filed and find that his § 2255 motion was timely filed. For the reasons discussed below, the Court shall adjudicate defendant's motion to reconsider as a true Rule 60(b) motion and shall deny the requested relief.

Defendant was convicted of conspiracy to violate the federal drug laws in violation of 21 U.S.C. § 846 (count one), distribution of 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841 (count two), conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (count four), and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841 (count five). He received a life sentence as to counts one and two and a sentence of 240 months as to counts four and five, with the sentences for all counts to run concurrently. Defendant appealed his convictions and sentence, and the Tenth Circuit affirmed defendant's convictions and sentence. Defendant filed a

petition for writ of certiorari with the United States Supreme Court, and the Supreme Court summarily reversed and remanded for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). The Tenth Circuit vacated defendant's sentence and remanded the case for re-sentencing, but reinstated its prior decision as to all non-sentencing matters. On remand, defendant received the same sentence and he appealed to the Tenth Circuit arguing that his sentence was enhanced based on facts not found by a jury. The Tenth Circuit affirmed defendant's sentence on October 12, 2007. Defendant filed a petition for writ of certiorari with the Supreme Court, and the petition was denied on February 19, 2008. Dkt. # 1058.

Defendant submitted a § 2255 motion (Dkt. # 1079), and it was filed by the Court Clerk on March 2, 2009. The Court directed the government to file a response as to the timeliness of defendant's motion. The government argued that defendant's § 2255 motion was not filed within the one year statute of limitations and that there were no exceptional circumstances justifying equitable tolling of the statute of limitations. Dkt. # 1082. Defendant filed a reply stating that he could not access the prison mail room from February 17 to 22, 2009 due to a prison lockdown, and he argued that the lockdown constituted an exceptional circumstance justifying equitable tolling. Dkt. # 1089. The Court found that defendant had not established that he placed or attempted to place his motion in the prison mail system on or before February 17, 2009, and that he had not shown that his § 2255 motion was timely. Dkt. # 1105, at 5-6. Therefore, on November 10, 2009, his § 2255 motion was dismissed with prejudice. Defendant did not appeal the dismissal of his § 2255 motion. On May 29, 2012, or over two and a half years later, defendant filed a motion asking the Court to reconsider its decision.

Defendant cites no authority for the relief he seeks. However, Rule 60(b), Federal Rules of Civil Procedure, provides for relief from a final judgment, order, or proceeding. Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion challenging the application of the statute of limitations to a § 2255 motion is not a successive habeas petition because it does not contest the merits of a conviction. See Gonzalez v. Crosby, 545 U.S. 524 (2005). A petitioner does not make a habeas claim when "he merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n. 4, 533, 538; see also Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006); In re: Pickard, --- F.3d ---, 2012 WL 2236616 (10th Cir. June 18, 2012) (explaining that "a Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding"). Accordingly, defendant's motion for reconsideration shall be adjudicated as a "true" Rule 60(b) motion, rather than as a second or successive § 2255 motion. Spitznas, 464 F.3d at 1225.

The Court finds defendant is not entitled to relief under Fed. R. Civ. P. 60(b). First, even if defendant's Rule 60(b) motion had merit, it is untimely. To obtain relief, a motion under Rule 60(b) must be made "within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In this case, this court's judgment dismissing defendant's § 2255 motion was entered November 10, 2009, or more than two (2) years prior to the filing of the motion for reconsideration. Therefore, defendant is precluded from seeking relief under Fed. R. Civ. P. 60(b)(1), (2), or (3). Grounds (4) and (5) have no applicability to this case. Thus, even if the defendant filed his motion for reconsideration within a "reasonable" time, the only available ground for relief is under Rule 60(b)(6).

Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. at 1248 (quotations omitted). Relief under Rule 60(b)(6) "will rarely occur in the habeas context." Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

Defendant's claim does not rise to the level of "exceptional circumstances." Defendant challenges the Court's ruling that his § 2255 motion was untimely. He argues that he attempted to place his § 2255 motion in the mail on February 17, 2009, but that the prison was in lockdown and the motion was returned to him without being mailed. He claims that his motion should be deemed filed on February 17, 2009, under the prison mailbox rule. This is the same argument that he urged in reply to the government's response that his § 2255 motion was untimely. In rejecting defendant's argument and dismissing the § 2255 motion as untimely, see Dkt. # 1105, the court determined that

4

defendant had failed to demonstrate that he was entitled to avail himself of the prisoner mailbox rule. In seeking reconsideration of that ruling, defendant provides no documentation supporting his self-serving claim that he handed his § 2255 motion to prison authorities on February 17, 2009. Therefore, the Court finds no basis for reconsidering its prior ruling that defendant had failed to demonstrate entitlement to the prisoner mailbox rule. Defendant's Rule 60(b) motion shall be summarily denied.

**Certificate of Appealability**

A movant is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A movant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of defendant's Rule 60(b) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that** defendant's motion for reconsideration (Dkt. # 1130), adjudicated as a true Rule 60(b) motion, is **denied**. A certificate of appealability is **denied**.

**DATED** this 20th day of June, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE